```
                UNITED STATES DISTRICT COURT
                         FOR THE
                   DISTRICT OF VERMONT
```

| | |
|---|---|
| Stephen Bain, | : |
|     Plaintiff, | : |
| | : |
| v. | :   File No. 2:06-CV-160 |
| | : |
| Windham County Sheriff's | : |
| Department, Vermont State | : |
| Police, Sheila Prue, | : |
| Sherwood Lake, Ronald | : |
| Lake, Matthew Murano, John | : |
| Melvin, Richard Schwartz, | : |
| Dana Shepard, Michael | : |
| Peterson, Paul Favreau, | : |
| and other related law | : |
| enforcement agents or | : |
| agencies, | : |
|     Defendants. | : |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
(Paper 1)

Plaintiff Stephen Bain, proceeding *pro se*, claims that the defendant law enforcement officials have engaged in unconstitutional conduct. Specifically, Bain alleges that police arrested him without probable cause, entered his home and collected his personal property without a warrant, and provided "voluminous amounts of perjured testimony, inaccurate and non-truthful testimony" in state court. For relief, he is seeking money damages, return of "illegally obtained" property, and a discovery order. He has also moved for leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 (Paper 1), and has

submitted an affidavit that makes the showing required by § 1915.  Accordingly, the request to proceed *in forma pauperis* is GRANTED.

Bain submitted similar claims in a prior action.  See Bain v. Windham County Sheriff, Docket No. 2:06-CV-141.  In that case, Bain sought both damages and stay of his state court sentencing.  In a Report and Recommendation dated August 9, 2006, I recommended dismissal without prejudice based upon the doctrines set forth in Younger v. Harris, 401 U.S. 37 (1971) and Heck v. Humphrey, 512 U.S. 477 (1994).  Because Bain is again bringing constitutional claims that would call his state court conviction into question, I recommend dismissal without prejudice under Heck.

## Factual Background

For purposes of this Report and Recommendation, the facts alleged in Bain's proposed complaint will be accepted as true.  Bain was arrested at his residence in Putney, Vermont on May 22, 2003, allegedly "without probable cause or authority of law."  After his arrest, members of the Windham County Sheriff's Department and the Vermont State Police entered his residence and his

family's farm.  The entry was without a warrant, and
"[t]here were no emergency or mitigating circumstances
that existed that would permit law enforcement legal
entry into said residence, without proper authorization
of a Magistrate or Judge."

 On May 23, 2003, law enforcement officials applied
for a search warrant.  "This application was tainted by
law enforcement's abhorrent activities the prior day.
There was no probable cause to issue the warrant, nor was
full disclosure made to Judge Carroll about the
activities of law enforcement the prior day."  After the
state court granted the warrant, police again searched
Bain's property.  Bain argues that the search "grossly
exceeded the scope of said warrant."

Bain further claims that prosecutors in Windham
County failed to adequately investigate his claims of
police misconduct.  "They either did not make a complete
enough investigation into the repugnant actions of law
enforcement, or are purposely colluding with law
enforcement to obstruct justice."  He also accuses
prosecutors of malicious prosecution.

Bain claims that due to the defendant's actions, he

has "lost his liberty." In his prior action, Bain informed the Court that the defendants' alleged misconduct resulted in his conviction by a jury in state court. See <u>Bain v. Windham County Sheriff</u>, Docket No. 2:06-CV-141 (Paper 4 at 5). His complaint requests appointed counsel; approval of a discovery schedule; an order requiring a computer expert to retrieve data showing that the Windham County Sheriff's office entered his personal computer; an order requiring the return of his personal property; and monetary damages.

Discussion

When a court grants an application to proceed *in forma pauperis*, 28 U.S.C. § 1915 mandates that the court conduct an initial screening to ensure that the complaint has a legal basis. See 28 U.S.C. §§ 1915(e)(2), 1915A(a). A court must dismiss the complaint *sua sponte* prior to ordering the issuance and service of process if it determines that the allegations of poverty are untrue or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). In addition, a judicial

screening provision which applies to any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" requires a court to dismiss the complaint if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A(b).

In this case, Bain is claiming that police violated his constitutional rights when they entered his home and took possession of his property.  As a result of evidence obtained in the course of these actions, Bain is currently serving a criminal sentence in state court. Consequently, if the Court were to find that the defendants' actions were unconstitutional, this finding would necessarily call into question the validity of Bain's conviction.

As explained in my previous Report and Recommendation, Heck v. Humphrey, 512 U.S. 477, 489-90 (1994) held that "a § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence

5

has been invalidated." In order to recover damages for an allegedly unconstitutional conviction or imprisonment, a plaintiff claiming unconstitutional conduct must prove that his conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. See Heck, 512 U.S. at 486-87; Amaker v. Weiner, 179 F.3d 48, 51 (2d Cir. 1999); Covington v. City of New York, 171 F.3d 117, 121 (2d Cir 1999). Until such a showing is made, a plaintiff may not assert a claim that would undermine the validity of his conviction. See Heck, 512 U.S. at 487. Heck applies to claims brought under both 42 U.S.C. § 1983 and 42 U.S.C. § 1985. See Amaker, 179 F.3d at 51.

    Heck is applicable in this case. As noted above, a finding that Bain's arrest or the seizure of evidence was unconstitutional would undermine the validity of his state court conviction. The same is true for any claim of a conspiracy to deprive him of his constitutional rights. Related claims for relief, such as his request for the return of personal property seized by the police,

are similarly barred.  See Erber v. Peterson, 2003 WL 22171899, at *2 (E.D.N.Y. Sept. 12, 2003) (citing Okoro v. Callaghan, 324 F.3d 488 (7th Cir. 2003)).  In sum, because Bain does not allege that his conviction has been reversed, expunged, declared invalid, or called into question by the issuance of a habeas corpus ruling, his complaint should be DISMISSED without prejudice.[1]

### Conclusion

For the reasons set forth above, Bain's motion to proceed *in forma pauperis* (Paper 1) is GRANTED.  I recommend, however, that Bain's complaint be DISMISSED without prejudice.

Dated at Burlington, in the District of Vermont, this 29th day of August, 2006.

>                         /s/ Jerome J. Niedermeier
>                         Jerome J. Niedermeier
>                         United States Magistrate Judge

Any party may object to this Report and Recommendation within 10 days after service by filing with the clerk of the court and serving on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and

---

[1] In addition to this action, Bain has filed a petition pursuant 28 U.S.C. § 2254 in which he is challenging his conviction.  See Bain v. Hoffman, File No. 2:06-CV-59.  Bain's § 2254 petition is currently pending.

the basis for such objections.  Failure to file objections within the specified time waives the right to appeal the District Court's order.  See Local Rules 72.1, 72.3, 73.1; 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b), 6(a) and 6(e).