IN THE UNITED STATES DISTRICT COURT

FOR THE

DISTRICT OF VERMONT



| | |
|---|---|
| Stephen Bain | United States District Court For |
| Plaintiff | The District of Vermont |
| V. | File Number: 2:06-cv-160 |
| Windham County Sheriff's Department | |
| Vermont State Police | |
| Sheila Prue, Sheriff | |
| Sherwood Lake, Deputy | |
| Ronald Lake, Deputy | |
| Mathew Murano, Deputy | |
| John Melvin, Deputy | |
| Richard Schwartz, Deputy | |
| Dana Shepard, Deputy | |
| Michael Peterson, Deputy | |
| Paul Favereau, Vermont State Trooper | |
| and any other related law enforcement agent or agency. | |
| Defendants | |

NOTICE OF LAW SUIT

Now into this Honorable Court comes Plaintiff Stephen R. Bain, Pro Se. Plaintiff brings this civil action seeking relief and damages to defend and protect his rights guaranteed by the Constitution of the United States of America.

COMPLAINT

This action is brought pursuant to 42 U.S.C. 1983. This Court has jurisdiction over this action pursuant to 28 U.S.C. 1331 and 28 U.S.C. 1343(a)(1) which confer jurisdiction over civil actions to recover damages for injury to his person or property, or because of the deprivation of any right or privilege of a citizen of the United States, by any act done in furtherance of any conspiracy in section 1985 of title 42; (2) To recover damages from any person who fails to prevent or to aid in preventing any wrongs mentioned in section 1985 of title 42 which he had knowledge were about to occur and the power to prevent; (3) To redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any act of congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States; (4) To recover damages or to secure equitable or other relief under any Act of Congress providing for the protection of civil rights, including the right to vote.

## FACTS

1. At or about 12:26, on the day of May 22, 2006, Plaintiff was placed under arrest and taken into custody by Deputy Mathew Murano, at his residence located at 16 Pierce Road, in the town of Putney, County of Windham, Vermont, on a violation of parole.

2. Plaintiff was arrested without probable cause or authority of law, as he was on parole and his parole officer Lin Macy, was not contacted until some time after his arrest.

3. Deputy Murano then froze his residence by locking his front door and impounded his vehicle by having it transported to the Windham County Sheriff's Department, in Newfane, Vermont.

4. Plaintiff was processed at the Windham County Sheriff's Department, in Newfane, Vermont. Plaintiff was then transported by Deputy Murano to the Brattleboro lock-up, in Brattleboro, Vermont and again processed.

5. It is unclear of Deputy Murano's whereabouts for the day of May 22, 2003, as it is for several other members of law enforcement for that same day, as well as the following day, May 23, 2003.

6. However, what is abundantly clear; is the fact that on the day of May 22, 2003, several members of the Windham County Sheriff's Department and the Vermont State Police converged upon Plaintiff's residence, as well as his family's farm located in the town of Putney, County of Windham, Vermont and spent several hours performing warrant-less searches.

7. Plaintiff's residence was entered by several members of law enforcement. There were no emergency or mitigating circumstances that existed that would permit law enforcement legal entry into said residence, without proper authorization of a Magistrate

or Judge.

8. None of the aforementioned members of law enforcement had applied for a search warrant before a Judge or Magistrate, of the State of Vermont, or any other jurisdiction.

9. It is abundantly clear that law enforcement illegally entered onto all the lands and into all the buildings at Plaintiff's residence, located at 16 Pierce Road, in the town of Putney, Vermont and preformed a warrant-less search. Said residence is encircled by a 4' stock fence.

10. It is also clear that this contingent of law enforcement illegally entered onto all other lands and into all other building located on said property, that is primarily accessed by a driveway located on East Putney Falls Road, Putney Vermont.

11. Plaintiff's son David Bain and Ben, a friend of David's, arrived at Plaintiff's residence shortly thereafter, in early afternoon to work. They entered said residence and found it in shambles. Beds had been overturned, drawers had been pulled out and overturned, the entire house had been thoroughly rummaged through.

12. David went to the basement apartment occupied by John Eastman, and inquired as to his knowledge of the disarray he had found above, in Plaintiff's residence.

13. John told David that Plaintiff had been arrested earlier that day and removed from the property in handcuffs, by a deputy sheriff.

14. David and Ben, after thoroughly viewing the appearance seen, left. Their initial impulse was one of shock; they thought Plaintiff's residence had been burglarized and maliciously vandalized.

15. Later in that same day of May 22, 2003, several members of law enforcement returned to Plaintiff's home and continued to plunder his property in a second warrant-

less search. Also that same day, over $ 10,000.00 (ten thousand dollars) of coins and cash were removed from the safe in Plaintiff's residence, without authority of law and without providing a written inventory. Only a portion of said property was logged into evidence at the courthouse. The other and more valuable portion is still unaccounted for.

16. Plaintiff, while lodged at the Brattleboro lock-up on May 22 2003, heard a voluminous amount of radio traffic coming from law enforcements activities at his residence. Additionally, Deputy Mathew Murano, again approached Plaintiff in mid-afternoon that same day, demanding he tell him the combination to the safe, housed within a closet on the second floor. Deputy Murano showed Plaintiff no search-warrant and made very clear his intention to access said safe, *one way or the other*. There is no way Murano could possibly have known a safe was housed within his residence, without having illegally entered and thoroughly searching said residence.

17. Thereafter the following day, May 23 2003, Deputy Mathew Murano and Deputy, Lieutenant Sherwood Lake applied for a search warrant, before the Honorable Judge Karen Carroll.

18. The search warrant that was issued by Judge Karen Carroll, was issued in light of Deputy's Murano and Sherwood Lake making false and misleading statements under oath. This application was tainted by law enforcement's abhorrent activities the prior day. There was no probable cause to issue the warrant, nor was full disclosure made to Judge Carroll about the activities of law enforcement the prior day.

19. On the day of May 23, 2003, several members of law enforcement executed and grossly exceeded the scope of said warrant, transforming it into a general warrant. This egregiously expanded search warrant was obtained fraudulently.

20. Furthermore, the Windham County States Attorneys Dan Davis and Nathaniel Seeley have fragrantly violated Plaintiff's federally protected rights pursuant to the 5th, 6th and 14th amendments of the United States Constitution. They either did not make a complete enough investigation into the repugnant actions of law enforcement, or are purposely colluding with law enforcement to obstruct justice. Dan Davis, by refusing to disclose this critical information to the plaintiff or to his Attorney, and by refusing to provide Plaintiff with requested discovery, that by law he should have been provided, has succeeded in subverting the process, being derelict in his professional responsibilities and obstructing justice. Plaintiff has been and is still being irreparably harmed.

21. States Attorneys Dan Davis and Nathaniel Seeley, *either did know or should have known*, about the unconstitutional acts and actions of law enforcement for the day of May 22, 2003.

22. Plaintiff, has been maliciously prosecuted by the Windham County States Attorneys office.

23. It is clear, by sworn testimony of law enforcement in depositions, that in fact the States Attorney, has for many years, as a matter of common practice, been aware of a proliferation of this type of behavior. He and his office have condoned these illegal activities, by allowing them to continue un-checked. The culture created by these obstructive acts and tactics, run contrary to the interests of justice, are unconstitutional, smack of conspiracy, and are contrary to law.

24. Moreover, in addition to the States Attorney withholding pertinent discovery, the testimony of nearly everyone of the States witnesses is perjured, inaccurate or untruthful, at least in part. Evidence was manufactured by law enforcement. It may also be that

witnesses have been tempered with.

25. Plaintiff, as a direct result of the law-less acts and actions of the Defendants, has lost his liberty, the enjoyment of his friends, family and his business, as well as many other assets.

## COUCLUSION

In the present case; Plaintiff was arrested without authority of law by Deputy Mathew Murano, on May 22, 2003. Defendants not only *three (3) times* entered onto Plaintiff's curtilage and lands, they *also twice entered into his house on the day of May 22, 2003,* without first applying for a warrant to search. Defendants preformed *two (2) warrant-less searches* that day, conducting a wholesale seizure of Plaintiff's property amounting to a fishing expedition for the discovery of incriminating evidence, in violation of criminal statutes. Additionally, there was no probable cause to so do. Furthermore, Deputy Mathew Murano and Deputy Lieutenant Sherwood Lake did *not* disclose any of law enforcements act or actions that occurred the day of May 22, 2003, when they applied for a search warrant on the day of May 23, 2003, and *swore an oath* before Judge Karen Carroll. Also many valuables were removed without authority of law and without providing a *written inventory*, both from his residence as well as his vehicle.

These acts and actions where intentional, and with wanton disregard for Plaintiff's protected federal and state constitutional rights.

In this case, Plaintiff has been denied Due Process of law. It is his protected right to gain access to discovery that is pertinent to his criminal case and is proof of his innocence. Evidence will clearly show; Defendants have, in their professional and

personal capacities, acted maliciously, with reckless indifference and disregard for Plaintiff's protected right's, and participated in perpetrating several frauds on the Plaintiff, as well as the Court. Defendants have provided a voluminous amount of perjured testimony, inaccurate and non-truthful testimony. Defendants have been willfully malicious, fraudulent and demonstrated wantonly reckless indifference and flagrant disregard for Plaintiff's protected rights, in their acts and actions and are therefore jointly and severally liable both in their professional capacities and personally.

The repugnant aforementioned atrocities are violations of Plaintiff's protected $4^{th}, 5^{th}, 6^{th}$ and 14th Amendment right's pursuant to the United States Constitution, are tortuous acts and are in violation of criminal statutes.

Plaintiff reserves his right to demand a jury trial and to amend his complaint.

### RELIEF SOUGHT

WHEREFORE, for the foregoing reasons, Plaintiff Prays, this Honorable Court grant the following relief;

1. Accept jurisdiction in this matter.
2. Waive all filing fees and court costs.
3. Appoint Counsel to conduct discovery and depositions and order payment of Attorney fees and court costs.
4. Approve a discovery schedule.
5. Order a computer expert to retrieve archived computer data, from the Windham

County Sheriffs office and to establish the fact that his personal computer was entered by law enforcement, during their search of his residence.

6. Order the Defendants to return any and all illegally obtained property to Plaintiff or his representative, including but not limited to, any and all information collected for *"intelligence purposes."*

7. Grant substantial monetary damages in an amount and character to be proven at Trial, in excess of, two million dollars ($2,000,000.00.)

8. Thereof also; grant any other damages or relief this Honorable Court might deem just, equitable, or appropriate to further the ends of justice.

I hereby, under the pains and penalties of perjury, state and affirm that the foregoing information, is true and correct, to the best of my knowledge and belief.

Respectfully Submitted,

*[signature]*

Stephen Bain, Pro Se

700 Charles Town Road

Springfield, Vermont 05156

Dated this the 4th day of August, 2006, at Springfield, Vermont

REQUEST FOR DISCOVERY
United States District Court, For The District Of Vermont, File Number:

Plaintiff, Stephen Bain requests the following discovery pursuant to F.R.Civ.P. Rule 26.

The foregoing facts, as recited in Plaintiff's complaint, illustrate a knowing, intentional and wanton disregard for and violation of Plaintiff's federal and state constitutional rights. However, in light of the conflicting nature of some of the testimony at trial and adduced in depositions, in Plaintiff's criminal case depositions, Plaintiff seeks to obtain discovery that the Windham County States Attorney, refused him in that matter that is pertinent to this cause.

Plaintiff seeks to obtain discovery as to other cases, either known or not known to the Windham County States Attorney's office, in which local law enforcement officers and/or the Windham County Sheriff's Department personnel knowingly violated the scope or limitations of a search warrant and/or: i) seized personality outside the scope of the warrant; ii) ran NCIC checks on items outside the scope of a warrant; iii) obtained and retained "codes" or other serial numbers during the coarse of a search warrant as to personality not listed in the search warrant so as to obtain "intelligence" information for future use or for "operational purposes"; and, iv) conferred with or informed the State's Attorney's office of such activities.

In order to obtain this information, Plaintiff Seeks: i) a list form the Windham County State's Attorney's office, the Windham County Sheriff's office, Vermont State Police, Brattleboro Barracks and the Wilmington Police Department, of all cases over the past ten (10) years, going back from May 22, 2003, to date, in which any personality has been

seized during any time in which officers have entered a residence or other realty pursuant to a warrant; ii) a list of all search warrants obtained by the Windham County Sheriff's office, the Wilmington Police Department and the Vermont State Police, in the past ten (10) years, going back from May 22, 2003, to date, a copy of the application for search warrant(s), search warrant, supporting affidavit, along with a copy of all inventories associated therewith; iii) a list of all cases over the past ten (10) years, going back from May 22, 2003, to this present date, in which the Windham County State's Attorney office has become aware of any impropriety respecting the search and/or seizure of any items of personality during the course of a search conducted by the three (3) aforementioned law enforcement entities; and, iv) a list of all trainings with the law enforcement entities done by or known to the Windham County States Attorney's office, respecting search and seizure law. Following receipt of the above mentioned information and documents, Plaintiff may request the deposition of one or more members of the Windham County State's Attorneys office so as to determine what, if anything, was known to it respecting these ongoing constitutional violations. v) Any and all documents, including but not limited to; dispatch logs, unit logs, telephone logs, cell phone logs, employment schedules and hand written notes; call logs, computer generated entries, a list of dispatch codes, their meaning and/or computer archived information that reflect the acts, actions and/or activities of the Windham County Sheriff's Department, the Brattleboro Police Department, the Vermont State Police, and/or any other related law enforcement agent or agency, respecting and/or reflecting names, dates and times of responding officers in and to Plaintiff's property, for the days, including but not limited to May 22nd 23rd and/or any other relevant materials in the possession of the aforementioned law enforcement

entities of these or any other days in May, 2003: vi) A complete written inventory; of any and all Plaintiff's property taken from his residence, and/or property the day of May 22nd or 23rd or any other day in May, 2003, relating to this case: vii) Any and all photographs, videotapes and /or digitally generated photographic discs, taken during the searches of May 22nd 23rd or any other day in May, 2003: viii) A complete copy of any and all proceedings in the Windham County Circuit, District Court related to Docket numbers, 915-7-03 and 897-7-03 Wmcr, including but not limited to; any computer discs, recorded testimony, hand written notes, photographs, a complete copy of all things entered into evidence, all discs and recordings to be transcribed. ix) The identity of who was unit 509 (Vermont State Police) on May 22, 2003, and a copy of any and all reports, pursuant to call number 2299405. x) Any and all required disclosure of Rule 26, Discovery.

After Plaintiff receives this requested discovery and deposes the defendants and members of the States Attorney's office, depending on information adduced, it may be necessary for him to request additional discovery and conduct additional depositions.

Plaintiff hereby reserves and preserves his right to so do.

Respectfully Submitted,

Stephen Bain, Pro Se

700 Charles Town Road

Springfield, Vermont 05156

Dated this the 4th day of August, 2006, at Springfield, Vermont